UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM D. COBB, JR.,

    Plaintiff,

v.   CAUSE NO. 3:20-CV-837 DRL-MGG

DEPUTY WARDEN PAYNE,

    Defendant.

## OPINION & ORDER

Malcom D. Cobb, Jr., a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Cobb alleges that, in June 2019, an attorney for Wexford agreed to replace his wheelchair at his deposition. On December 16, 2019, he exchanged his old wheelchair for a new wheelchair. Deputy Warden Payne accused Mr. Cobb of concealing the detached arm of his old wheelchair. Mr. Cobb denied the accusation and explained that a correctional officer took it from him and that attorneys were aware of his

broken wheelchair. Deputy Warden Payne told Mr. Cobb that he did not believe him and placed Mr. Cobb in a segregation cell that contained feces "everywhere." Mr. Cobb informed Deputy Warden Payne that he had an open wound on his amputated leg and that he needed a handicapped-accessible cell, and Deputy Warden Payne responded that he would remain there until he told him the location of the wheelchair arm. Two days later, a correctional officer gave Mr. Cobb a faulty chair that broke and caused him to bruise his tailbone. His open wound continued to bleed and became more infected. On several occasions, he fell attempting to transfer himself from his wheelchair to the toilet. After two weeks, Deputy Warden Payne moved him to a dormitory.

Mr. Cobb asserts an Eighth Amendment claim regarding the conditions of his segregation cell against Deputy Warden Payne. In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Further, prison officials "must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). Based on the allegations in the complaint, Mr. Cobb states a plausible Eighth Amendment claim against Deputy Warden Payne.

Mr. Cobb also asserts a claim against Deputy Warden Payne for retaliating against him in violation of the First Amendment. To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The allegations do not suggest that the deposition that occurred six months earlier or any other First Amendment activity motivated Deputy Warden Payne to place Mr. Cobb in a segregation cell. Therefore, Mr. Cobb may not proceed on a First Amendment claim on this complaint.

Additionally, Mr. Cobb asserts a claim against Deputy Warden Payne under the Rehabilitation Act for refusing to place him in a handicap-accessible cell. "To state a claim under the Rehabilitation Act, [a plaintiff] need only allege that (1) he is a qualified person (2) with a disability and (3) the [public entity] denied him access to a program or activity because of his disability." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012). Deputy Warden Payne is not a public entity that can be sued under the Rehabilitation Act. *See id.* at 670 ("employees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA"); 29 U.S.C. § 794(b). Therefore, Mr. Cobb may not proceed on a claim under the Rehabilitation Act on this complaint.

For these reasons, the court:

(1) GRANTS Malcom D. Cobb, Jr., leave to proceed on an Eighth Amendment claim for money damages against Deputy Warden Payne for subjecting him to unconstitutional conditions of confinement in a segregation cell in December 2019;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Deputy Warden Payne at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Warden Payne to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Malcom D. Cobb, Jr., has been granted leave to proceed in this screening order.

SO ORDERED.

January 8, 2021

*s/ Damon R. Leichty*
Judge, United States District Court