UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM D. COBB, JR.,

       Plaintiff,

       v.                                CAUSE NO. 3:20-CV-837-MGG

PAYNE,

       Defendant.

OPINION AND ORDER

Malcom D. Cobb, Jr., a prisoner without a lawyer, is proceeding in this case "on an Eighth Amendment claim for money damages against Deputy Warden Payne for subjecting him to unconstitutional conditions of confinement in a segregation cell in December 2019[.]" ECF 7 at 4. Deputy Warden Payne filed a motion for summary judgment, arguing he did not violate Cobb's Eighth Amendment rights. ECF 59. Cobb filed a response, and Deputy Warden Payne filed a reply. ECF 69, 73. The summary judgment motion is now fully briefed, but the court will first address Cobb's second motion for counsel. ECF 85.

In April 2021, the court found Cobb was competent to litigate this case on his own. ECF 20. Since then, he filed a status report, conducted discovery, and responded to the summary judgment motion. Many months after the summary judgment motion was fully briefed, he filed the second motion asking for counsel. ECF 85. Cobb says he has serious health problems that have gotten worse and "can hardly concentrate on anything but the pain." *Id.*

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The court previously found Cobb had made a reasonable attempt to obtain counsel on his own. ECF 20. At that time, he was competent to litigate on his own given the difficulty of the case. Though his health has deteriorated, the same is true today. Discovery is over and the summary judgment motion is fully briefed. There is nothing for Cobb, or his counsel if he had one, to do except wait for the court's ruling. Therefore, there is no need for counsel at this stage of the litigation.

Turning to the summary judgment motion, summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or

conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th

Cir. 2009).

The Eighth Amendment prohibits conditions of confinement that deny inmates

"the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773

(7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an

objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The

objective prong asks whether the alleged deprivation is "sufficiently serious" that the

action or inaction of a prison official leads to "the denial of the minimal civilized

measure of life's necessities." *Id*. On the subjective prong, the prisoner must show the

defendant acted with deliberate indifference to the inmate's health or safety. *Id.*

Deliberate indifference means that the defendant "acted in an intentional or criminally

reckless manner, i.e., the defendant must have known that the plaintiff was at serious

risk of being harmed and decided not to do anything to prevent that harm from

occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469,

478 (7th Cir. 2005). In other words, a plaintiff must show that "the official knows of and

disregards an excessive risk to inmate health or safety; the official must both be aware

of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Haywood v. Hathaway*, 842 F.3d 1026, 1031

(7th Cir. 2016) (quotation marks omitted).

Deputy Warden Payne argues he was not deliberately indifferent because he had

no actual knowledge of the alleged condition of Cobb's cell. ECF 61 at 4-5. He provides

an affidavit, in which he attests to the following facts: On December 10, 2019, Deputy

Warden Payne ordered that Cobb be transferred to the Restrictive Housing Unit ("RHU") pending an investigation into missing pieces of Cobb's wheelchair. ECF 59-1 at 2. Deputy Warden Payne did not specify which cell at the RHU Cobb was to be transferred to. *Id.* Specific cell assignments within the RHU are made by subordinate staff. *Id.* On December 12, 2019, after the investigation into the missing wheelchair pieces was inconclusive, Deputy Warden Payne instructed the RHU Unit Team Manager that Cobb could be removed from the RHU at any time. *Id.* On December 18, 2019, Cobb was transferred out of the RHU. *Id.* While Cobb was housed in the RHU, Deputy Warden Payne was not aware of what cell Cobb was housed in, the condition of Cobb's cell, or Cobb's complaints about the alleged condition of his cell. *Id.* at 2-3. When a prisoner is transferred to a new cell, the cell is to be inspected and cleaned before the prisoner is placed in the cell. *Id.* at 3. If Cobb's cell at the RHU was not inspected and cleaned prior to him being placed in it, Deputy Warden Payne was not aware of that fact. *Id.*

Deputy Warden Payne has thus provided evidence he had no knowledge of the condition of Cobb's cell in the RHU, meaning he did not know of and disregard an excessive risk to Cobb's health or safety by housing him in the RHU. Therefore, Cobb must provide facts and evidence showing a genuine dispute as to whether Deputy Warden Payne knew of the condition of his cell in the RHU

In his response, Cobb asserts Deputy Warden Payne knew of the condition of his cell for several reasons. First, he argues Deputy Warden Payne asked correctional officers whether there were any handicap cells available at the RHU, a correctional

officer responded, "yes the cell in the corner under the stairs but it's not clean," and

Deputy Warden Payne "walked away."[1] ECF 72 at 4. However, the fact that Deputy

Warden Payne was informed the cell was "not clean" does not show he had knowledge

the cell posed an excessive risk to Cobb's safety or that the correctional officers intended

to violate prison policy by placing Cobb in the cell without cleaning it. Next, Cobb

asserts Lt. Thompson eventually came to clean his cell, and "they wouldn't have sent Lt.

Thompson" unless Deputy Warden Payne knew about the condition of his cell. ECF 66

at 5. But Cobb does not explain how the presence of Lt. Thompson at his cell shows that

Deputy Warden Payne was aware of the condition of his cell. Lastly, Cobb asserts that

Deputy Warden Payne intentionally put him in the feces-covered cell because he was

angry at him for calling him a name (ECF 72 at 3-4, 6), but Cobb provides no evidence in

support of assertion other than his own speculation. *See Trade Fin. Partners, LLC*, 573

F.3d at 407 ("inferences relying on mere speculation or conjecture will not suffice").

Accordingly, because there is no evidence Deputy Warden Payne had

knowledge of the condition of Cobb's cell in the RHU, no reasonable jury could

conclude Deputy Warden Payne knew of and disregarded an excessive risk to Cobb's

health or safety. *See Haywood*, 842 F.3d at 1031. Thus, summary judgment is warranted

in favor of Deputy Warden Payne.[2]

For these reasons, the court:

---

[1] Deputy Warden Payne argues this statement is inadmissible hearsay. ECF 69 at 4-5. However, this statement is being offered not to prove the truth of the matter asserted—whether the cell was unclean—but to show Deputy Warden Payne' knowledge of the condition of the cell.

[2] The court does not reach Deputy Warden Payne's alternate arguments that the conditions of the cell were not sufficiently serious, that he acted reasonably, and that he is entitled to qualified immunity.

(1) DENIES the motion for counsel (ECF 85);

(2) GRANTS Deputy Warden Payne's summary judgment motion (ECF 59); and

(3) DIRECTS the clerk to enter judgment in favor of Deputy Warden Payne and
    against Malcom D. Cobb, Jr., and to close this case.

SO ORDERED on February 6, 2023

        s/Michael G. Gotsch, Sr.
        Michael G. Gotsch, Sr.
        United States Magistrate Judge